**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JASON T. MADIGAN, D.C., | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 05-CV-0856 |
| | : | |
| v. | : | (JUDGE CAPUTO) |
| | : | |
| STEVEN G. PREFER, D.C., and | : | |
| SHORE LIFE FAMILY | : | |
| CHIROPRACTIC, P.C., | : | |
| | : | |
| Defendants | : | |

## **MEMORANDUM**

Before me is Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 7). The complaint alleges that Plaintiff was fraudulently induced into entering an asset purchase agreement with Defendant Shore Life Family Chiropractic, P.C. which covered the assets of a chiropractic practice in Virginia. Steven G. Prefer, D.C. is alleged to have been the sole corporate officer, sole corporate director and sole shareholder of Shore Life. He negotiated the sale with the Plaintiff and is alleged to have made the fraudulent misrepresentations. In addition to a count of Fraudulent Misrepresentation (Count I), there is also a count for Breach of Contract (Count II). The latter asserts breach of contract in terms of breaching representations which were contained in the contract.

Defendants seek dismissal on the grounds that: (1) the Gist of the Action Doctrine bars the claim in Count I; (2) the Parole Evidence Rule and Merger Clause bar all Plaintiff's claims; (3) the Economic Loss Doctrine bars all of Plaintiff's claims; (4) Plaintiff has not pleaded fraud with the requisite particularity of Rule 9(b) of the Federal Rules of Civil Procedure; and (5) the complaint fails to state a claim against Defendant Prefer upon which

relief can be granted.

For the reasons which follow, the motion will be denied.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, a court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth

information from which each element of a claim may be inferred.  *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Electronics v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**1.      Fraudulent Misrepresentation - Count I**

The Gist of the Action Doctrine holds that a plaintiff cannot recast a contract claim as a tort claim.  *Etoll, Inc. v. Elias/Savion Advertising, Inc.*, 811 A.2d 10 (Pa. Super. 2002).  To cut to the chase, the Doctrine relates to whether the tort, in this case, fraud, is involved in the performance of the contract.  *Id*. at 19.  In the instant case, the fraud is alleged to have occurred in inducing Plaintiff to enter into the agreement.  As such, at this stage of the case, the alleged fraud would appear to be independent of Defendant's contractual performance.

**2.      Parol Evidence Doctrine and Merger Doctrine**

The Parol Evidence Rule prohibits extrinsic evidence from altering the terms of a contract.  *Rose v. Food Fair Stores, Inc*. 262 A.2d 851, 853 (Pa. 1970).  Here, evidence would not be offered to alter the contract but to support the plaintiff's contention that he was induced to enter it by fraudulent conduct.

The merger clause found in Article 9 of the agreement provides "This constitutes the entire agreement between the parties.  There are no other agreements, promises or representatives (sic) by the parties."   Again, this clause would not prevent the assertion of a fraudulent inducement claim and the presentation of evidence in support of such a claim.

**3.      The Economic Loss Doctrine**

The Economic Loss Doctrine "prohibits plaintiffs from recovering in tort economic

3

losses to which their entitlement flows only from a contract." *Duquesne Light Co. v. Westinghouse Electric Corp.,* 66 F.3d 604, 618 (3d Cir. 1995). Here, there is a fraudulent inducement claim where the damages do not flow from the contract, but rather arise as the result of the fraudulent representations. As such, it is similar to the gist of the action analysis, the complaint states a claim upon which relief can be granted.

4.     **Pleading Fraud with Particularity**

Rule 9(b) of the Federal Rules of Civil Procedure requires that "the circumstances constituting fraud . . . shall be stated with particularity." Fed.R.Civ.P. 9(b). A review of the allegations of the complaint satisfies this Court that Plaintiff has "inject[ed] precision and some measure of substantiation into their allegations of fraud." *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004) (citing *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)).

5.     **The Breach of Contract Claims Against Defendant Prefer**

Defendant Prefer seeks dismissal of the breach of contract claims against him because he is not a party to the agreement. He is, however, alleged to be the sole corporate officer, sole corporate director and sole shareholder of the corporation. "Pennsylvania courts will not hesitate to treat as identical the corporation and the individuals owning all its stock and assets whenever justice and public policy demand." *Hudson Bank v. Pena*, 2005 WL 7366603 *7 (E.D. Pa. 2005)(Citing cases). The complaint contains allegations which, at this state of the case, meet the foregoing standard.

## CONCLUSION

For all of the foregoing reasons, the motion will be denied.

An appropriate order follows.

| | |
|---|---|
| March 28, 2006 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JASON T. MADIGAN, D.C., : | |
| : | |
| Plaintiff : | CIVIL ACTION NO. 05-0856 |
| : | |
| v. : | (JUDGE CAPUTO) |
| : | |
| STEVEN G. PREFER, D.C., and : | |
| SHORE LIFE FAMILY : | |
| CHIROPRACTIC, P.C., : | |
| : | |
| Defendants : | |

## **ORDER**

**NOW**, this   28th   day of March, 2006, the Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 7) is **DENIED**.

                                       /s/ A. Richard Caputo
                                      A. Richard Caputo
                                      United States District Judge